**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4961**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOEL KATZ,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (CR-01-
374)

─────────────

Submitted:  May 31, 2006                Decided:  June 8, 2006

─────────────

Before WILKINS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Eric M. Glass, CLARK & GLASS, L.L.P., Rockville, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Joyce K.
McDonald, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joel Katz appeals his sentences for several offenses relating to a fraudulent telemarketing scheme, as well as for bankruptcy fraud and being a felon in possession of a firearm. Finding no error, we affirm.


I.

This appeal is the second arising from the Government's case against Katz. At the first sentencing, which predated Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the district court determined that Katz's offense level was 28 and that his criminal history category was III, yielding a sentencing guideline range of 97-121 months. The district court imposed a sentence of 97 months imprisonment.

On appeal, we affirmed Katz's convictions but concluded that Katz's sentence had been imposed in violation of Booker. See United States v. Lugo, 131 Fed. Appx. 901, 908 (4th Cir. 2005) (per curiam). Prior to vacating the sentence, however, we addressed several issues regarding the guideline range calculation in light of "the complexity of this case and in an effort to assist the district court by narrowing the issues that must be resolved upon resentencing." Id. at 908 n.7. We determined that the district court had not erred in its guidelines application and then vacated

2

the sentence on <u>Booker</u> grounds and remanded for resentencing.  <u>See</u> <u>id.</u> at 908-11.

At the resentencing hearing, because Katz presented no new arguments regarding the appropriate guideline range, the district court adopted the range that it had previously calculated.  The court then considered whether a sentence in that range served the factors listed in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  Focusing on the need for the sentence to reflect the seriousness of Katz's offense as well as the vulnerability of many of the victims that he targeted, the district court also noted Katz's long "history of willfully-fraudulent activity, willful disobedience to lawful orders, willful connivance, scheming, [and] theft."  J.A. 285.  The court further explicitly considered Katz's medical condition and advanced age as well as the fact that codefendant Mark Cohn received a 57-month sentence.  Finally, the court noted that Katz had achieved some degree of rehabilitation during his time in prison.  In light of all of these factors, the court imposed a sentence of 72 months imprisonment--25 months below the low end of the guideline range.

## II.

Katz contends that the district court violated our mandate and the Sixth Amendment by utilizing the facts found during the first

sentencing to determine Katz's guideline range on remand.  We disagree.

Katz points us to nothing in our first opinion that required the district court to revisit guidelines-related issues that it had already decided.  Nor did the Sixth Amendment require that the issues be revisited.  Because the guidelines had the force of law at the time of the first sentencing, see Booker, 543 U.S. at 233-34, the factual findings supporting offense level enhancements served to increase the maximum sentence that the district court was legally authorized to impose.  And, since the district court, rather than the jury, made those findings increasing the maximum punishment, Katz's Sixth Amendment right to a jury trial was violated at the first sentencing.  See id. at 235.  In contrast, by the second sentencing, Booker had already established that the sentencing guidelines no longer had the force of law, see id. at 245; United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), and therefore could not establish the maximum sentence to which a defendant was subject.  Thus, the same enhancements that were unconstitutional at the first sentencing did not increase the maximum sentence to which Katz was subject (and therefore were not unconstitutional) the second time around.*  For all of these

---

*Katz also argues that the sentence imposed by the district court was unreasonable because the district court "failed to articulate the disparity of sentences between co-defendants--particularly between Mark Cohn and Mr. Katz" and "failed to consider Mr. Katz's significant health problems, infirmity and

4

reasons, the district court did not err by simply adopting the guidelines range it had previously calculated.  See Hughes, 401 F.3d at 560 & n.19 (vacating sentence when district court correctly calculated guideline range but committed Sixth Amendment error by utilizing judicial factfinding to enhance sentence under mandatory regime, but instructing district court on remand, absent any changed circumstances, to utilize previously calculated guideline range to sentence defendant under advisory guidelines regime).

III.

In sum, we affirm Katz's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

---

age."  Br. of Appellant at 19.  We disagree.  As we indicated in our factual summary, the district court explicitly considered each of these factors during the sentencing hearing.